UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| LELAND L. COGDELL, JR., | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 19-2462 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 30, 35 |
| | : | | |
| KATY KALE, Acting Administrator, | : | | |
| U.S. General Services Administration | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANT'S RULE 56(D) MOTION

## I.  INTRODUCTION

Before the Court are a pair of motions debating whether summary judgment on a claim in this case would be premature. It would be. Discovery has not occurred. And although the parties faced off in an earlier administrative proceeding, the defendant agency seeks relevant evidence that it has not yet been able to obtain. The agency is therefore entitled to the panoply of discovery tools available to parties in a federal civil action.

## II.  BACKGROUND

Because the Court detailed the facts giving rise to this lawsuit in a previous opinion, it provides merely an overview here to situate the parties' current dispute. *See generally Cogdell v. Murphy*, No. 19-cv-2462, 2020 WL 6822683 (D.D.C. Nov. 20, 2020).

Plaintiff Leland Cogdell brings several discrimination claims against his former employer, the General Services Administration ("GSA"). *Id.* at *3. Among other things, he alleges that the agency failed to provide him a reasonable accommodation for his disabilities in

violation of the Rehabilitation Act. *Id.* Before the events leading to this lawsuit, the GSA accommodated Cogdell by permitting him to work from home four days per week. *Id.* at *2. When the agency assigned Cogdell a new role, he asked for five new accommodations: a quiet room for him to work in, noise-canceling headphones, extra time to complete assignments, regular feedback on his work, and a job coach. *Id.* The agency approved the first four requests, but it denied him the job coach. *Id.* Instead, it gave Cogdell access to online training videos. *Id.*

Cogdell challenged the GSA's decision. He filed an administrative complaint that prompted proceedings before the Equal Employment Opportunity Commission ("EEOC"). *See* Def.'s Mot. Dismiss or, Alternatively, Mot. Summ. J. ("Def.'s Mot. Summ. J."), Ex. M at 3, ECF No. 8-14. An EEOC administrative judge rejected Cogdell's reasonable accommodation claim. *See id.* at 11–12. The judge reasoned that Cogdell's refusal to try the online training videos evinced a failure to engage with the agency to determine whether the videos constituted an effective alternative to a job coach. *Id.* at 12. The Commission affirmed the ruling, explaining that Cogdell offered no evidence suggesting that the accommodations the GSA offered were ineffective. *Id.* Ex. N at 6–7, ECF No. 8-15.

Cogdell then brought his claims before this Court. *See* Am. Compl., ECF No. 25. The GSA moved for summary judgment on his failure-to-accommodate claim. *See* Def.'s Mot. Summ. J. at 10–11, ECF No. 8. It reiterated the administrative judge's conclusion that Cogdell had not engaged in the interactive process that both the employee and employer must participate in when addressing an accommodation request. *See id.* at 11. The Court rejected the agency's argument. It explained that, when viewing the facts in Cogdell's favor, the GSA—not Cogdell—might have failed to engage in the interactive accommodation process. *See Cogdell*, 2020 WL

2

6822683, at *7–8.  The Court denied the agency summary judgment on the failure-to-accommodate claim.  *Id.* at *8.

Cogdell now asserts that he is entitled to summary judgment on the same claim.  *See* Pl.'s Mem. P & A Supp. Mot. Partial Summ. J., ECF No. 30-1.  The GSA protests that it is too early for summary judgment because discovery has not yet taken place.  It asks the Court to deny Cogdell's motion and give the parties time to conduct discovery.  *See* Def.'s Rule 56(d) Mot. ("Def.'s Mot."), ECF No. 35; *see also* Pl.'s Opp'n Def.'s Rule 56(d) Summ. J. ("Pl.'s Opp'n"), ECF No. 36; Reply Supp. Def.'s Rule 56(d) Mot. ("Def.'s Reply"), ECF No. 37.  For the following reasons, the Court agrees with the GSA.

## III.  ANALYSIS

Federal Rule of Civil Procedure 56(d) allows a party to avoid summary judgment if he shows, by affidavit or declaration, that there are "specified reasons" why he "cannot present facts essential to justify its opposition."  The party's affidavit or declaration must: (1) "outline the particular facts he intends to discover and describe why those facts are necessary to the litigation"; (2) "explain why he could not produce the facts in opposition to the motion for summary judgment"; and (3) "show the information is in fact discoverable."  *Convertino v. U.S. Dep't of Just.*, 684 F.3d 93, 99–100 (D.C. Cir. 2012) (cleaned up) (citations omitted).  If the Rule 56(d) movant meets his three-fold burden, the court may defer or deny the summary judgment motion, provide time for discovery, or "issue any other appropriate order."  Fed. R. Civ. P. 56(d).

Cogdell has moved for summary judgment before discovery.  "Summary judgment usually 'is premature unless all parties have had a full opportunity to conduct discovery.'"  *Haynes v. D.C. Water & Sewer Auth.*, 924 F.3d 519, 530 (D.C. Cir. 2019) (quoting *Convertino*, 684 F.3d at 99).  Nevertheless, there is no "presumption[]" in favor of granting a prediscovery

Rule 56(d) motion. *See id.* A party's eligibility for Rule 56(d) relief depends on making the required three-part showing. *See U.S. ex rel. Folliard v. Gov't Acquisitions, Inc.*, 764 F.3d 19, 26–27 (D.C. Cir. 2014). Because the evidence the GSA seeks is plainly discoverable and Cogdell does not suggest otherwise, *see generally* Pl.'s Opp'n, the Court focuses on whether the agency has satisfied the first and second parts of the Rule 56(d) test.

The GSA's motion relies primarily on two declarations: one from its current lawyer and one from the lawyer who represented the agency in front of the EEOC. *See* Yee Decl., ECF No. 35-1; Phaup Decl., ECF No. 35-2. The agency's current lawyer, Marsha Yee, says that she plans to defeat Cogdell's suit by demonstrating "that the resources that GSA offered to [him] in lieu of a job coach were a reasonable accommodation." Yee Decl. ¶ 8. To that end, she aims to "develop evidence" that includes opinions from medical experts and an independent medical examination of Cogdell. *Id.* ¶¶ 8–10. Yee also wants to depose Cogdell's experts, Catherine Lee and Steven Koehler, "to test the reasonableness of their opinions in support of [Cogdell's] request." *Id.* ¶ 11. The GSA's previous lawyer, F. Allen Phaup, says that the agency could not depose Lee or Koehler in the earlier proceedings. Phaup Decl. ¶ 4. It could not depose Lee because the EEOC lacks power to compel anyone other than federal employees to sit for a deposition. *Id.* And it had no chance to depose Koehler because Cogdell first identified him as a witness in this court proceeding. *Id.* ¶ 5. In addition, Phaup explains that the agency had no authority to force Cogdell to submit to a medical examination when he requested the job coach. *Id.* ¶ 2. Rather than ask the administrative judge to require an examination, the GSA decided to

press another argument—namely, that Cogdell abandoned the interactive process an employee and employer must engage in when trying to accommodate a disability. *Id.* ¶ 3.[1]

The GSA has satisfied Rule 56(d)'s requirements. First, the agency pointed to facts it intends to discover and made clear how those facts are relevant to its case. Yee plans to consult with medical experts, seek an independent medical examination of Cogdell, and depose Cogdell's two expert witnesses. Yee Decl. ¶¶ 8–11. Each type of expert evidence will get at whether the GSA reasonably accommodated Cogdell. *See id.* ¶ 8. The prospect of expert testimony indicating that the agency did so is a specific enough reason to sustain a Rule 56(d) motion. Despite Cogdell's assertions to the contrary, *see* Pl.'s Opp'n at 2, the GSA's affidavits are a far cry from the general and vague ones found lacking in other Rule 56(d) cases. *Contrast Jeffries v. Barr*, 965 F.3d 843, 856 (D.C. Cir. 2020) (affirming the denial of a Rule 56(d) motion when a movant wanted to discover only "general facts about what happened," such as the "many ambiguous and unknown facts with respect to each of the non-selections" at issue); *Strang v. U.S. Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989) (rejecting

---

[1] The agency also attaches to its reply brief a third declaration from a GSA reasonable accommodation coordinator, Octavia Johnson. *See* Johnson Decl., ECF No. 37-1. Johnson states in her declaration that the agency is currently assessing whether giving Cogdell a job coach would have constituted an undue burden. *Id.* ¶ 4. An agency employer has an affirmative defense against liability if a requested accommodation would impose undue hardship on it. *See Flemmings v. Howard Univ.*, 198 F.3d 857, 861 (D.C. Cir. 1999).

But there are at least two reasons not to consider Johnson's declaration in conjunction with the GSA's Rule 56(d) motion. First, the short argument the GSA makes in reliance on the Johnson declaration is tardy. *See* Def.'s Reply at 3–4. A party forfeits an argument made for the first time in a reply brief. *Conservation Force v. Jewell*, 160 F. Supp. 3d 194, 204 n.4 (D.D.C. 2016). Second, the agency did not assert undue hardship as an affirmative defense in its answer. *See* Answer First Am. Compl. at 12, ECF No. 27. An employer cannot invoke the undue hardship defense without pleading it. *See Lenkiewicz v. Castro*, 118 F. Supp. 3d 255, 265 (D.D.C. 2015). *But see Lenkiewicz v. Castro*, 145 F. Supp. 3d 140, 149 (D.D.C. 2015) (allowing employer to amend its answer with the undue hardship defense). In any event, the agency's other two declarations adequately justify the need for discovery.

argument under Rule 56(d)'s predecessor because the movant merely said that "discovery 'would be invaluable in this case' and would give her 'an opportunity to test and elaborate the affidavit testimony already entered'"). Furthermore, there is no doubt that facts relating to the reasonableness of the agency's accommodations for Cogdell are "necessary to the litigation." Yee's theory of the case is that the GSA met its accommodation obligations when it provided him with all the resources that he requested except for a job coach. *See* Yee Decl. ¶ 8; *see also Haynes*, 924 F.3d at 531 (evaluating a Rule 56(d) motion in light of, among other things, the movant's theory of the case). Whether or not that is true is the crux of the parties' dispute. *Cf. Leiterman v. Johnson*, 60 F. Supp. 3d 166, 184 (D.D.C. 2014) (granting Rule 56(d) motion when a plaintiff asserted that, without discovery, he could not respond to the defendant agency's argument that the computer operating system it provided him was a reasonable accommodation).

Second, the GSA has explained why it cannot produce the facts in opposition to Cogdell's summary judgment motion. Most significantly, the agency has not had a chance to depose either of Cogdell's expert witnesses. *Cf. Alston v. Johnson*, 208 F. Supp. 3d 293, 299 (D.D.C. 2016) (granting Rule 56(d) motion when an earlier administrative proceeding permitted limited discovery but did not give the plaintiff an opportunity to depose key individuals). Cogdell just identified Koehler as an expert in this federal court proceeding. Phaup Decl. ¶ 5. And the GSA could not compel Lee to sit for a deposition before the EEOC because she was not a federal employee. *Id.* ¶ 4. Cogdell offers no real reason why the GSA should not be able to depose Koehler. He argues that the agency was supposed to attack Koehler's report when he first submitted it (apparently with an opposing expert opinion), but he cites no authority requiring a Rule 56(d) movant to do any such thing. *See* Pl.'s Opp'n at 3. As the GSA points out, a *Daubert* motion challenging the reliability of an expert's testimony is a pretrial motion, not

a prediscovery one.  *See* Def.'s Reply at 2; *see also Williams v. U.S. Dep't of Veterans Affs.*, No. 16-cv-2062, 2020 WL 1323305, at *5 (D.D.C. Mar. 20, 2020) ("A party may raise challenges to experts in pre-trial motions, which are commonly referred to as '*Daubert* motions' . . . .").  When it comes to Lee, Cogdell has a marginally stronger argument: while the agency did not depose her, it did cross-examine her at the EEOC hearing.  *See* Pl.'s Opp'n at 3; *see also* Def.'s Mot. Summ. J., Ex. L at 7, ECF No. 8-13.  But even though a deposition and a cross-examination can each undermine an expert's credibility, they are two different tools.  A litigant cannot accomplish as much with one of those tools as it could with both.  *Cf. Griffin v. Foley*, 542 F.3d 209, 221 (7th Cir. 2008) (noting that one purpose of a deposition is to help attorneys prepare for cross-examination).  The GSA should have a full opportunity to examine Lee—after all, she is the one who recommended a job coach in the first place.  *See* Def.'s Mot. Summ. J., Ex. B, ECF No. 8-3.

Whether the GSA has justified its inability to produce results from an independent medical examination is a closer question.  The only reason the agency gives for not having asked the administrative judge to order such an examination is that it chose instead to focus its argument at the EEOC on Cogdell's alleged refusal to engage in the interactive process for accommodating a disability.  *See* Phaup Decl. ¶ 3.  A Rule 56(d) movant's earlier tactical decision seems like a questionable justification for being unable to produce relevant facts in opposition to a pending summary judgment motion.  But given that the GSA has satisfactorily explained why it does not have some key facts at its disposal, the Court will not dwell on why it cannot produce others.  *See Convertino*, 684 F.3d at 99 ("Consistent with the salutary purposes underlying Rule 56([d]), district courts should construe motions that invoke the rule generously, holding parties to the rule's spirit rather than its letter." (citation omitted)); *see also Jeffries*, 965 F.3d at 855 ("Trial courts have a broad discretion in discovery matters . . . ." (citation omitted)).

Despite "the significant proceedings that occurred at the agency level," this case is still "a standard civil action" in which both parties deserve a "full opportunity" to conduct discovery. *See Fed. Energy Regul. Comm'n v. City Power Mktg., LLC*, 235 F. Supp. 3d 152, 156 (D.D.C. 2017). An administrative proceeding cannot usually substitute for the "complete judicial fact-finding process, replete with the tools of discovery and compulsory process." *Ikossi v. Dep't of Navy*, 516 F.3d 1037, 1045 (D.C. Cir. 2008) (quoting *Hackley v. Roudebush*, 520 F.2d 108, 149 (D.C. Cir. 1975)) (explaining that the D.C. Circuit has "rejected the notion that a district court can ordinarily resolve a Title VII complaint based on the administrative record"). And the GSA has shown that the EEOC hearing does not do so here. *Cf. Ryan-White v. Blank*, 922 F. Supp. 2d 19, 25 (D.D.C. 2013) (approving Rule 56(d) motion and declining to convert motion to dismiss into motion for summary judgment when the plaintiff "had no opportunity for discovery beyond the administrative process"); *cf. also Alston*, 208 F. Supp. 3d at 299 (same). "It would be unfair to require" the GSA to oppose summary judgment "without any opportunity for discovery." *See Sagar v. Lew*, 309 F.R.D. 18, 20 (D.D.C. 2015).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment (ECF No. 30) is **DENIED WITHOUT PREJUDICE** and Defendant's Rule 56(d) Motion (ECF No. 35) is **GRANTED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: June 14, 2021                                       RUDOLPH CONTRERAS
                                                                                 United States District Judge